# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMY THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SHELDON THOMPSON, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00935-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO WITHDRAW AND CONTINUING MANDATORY SCHEDULING CONFERENCE**<br><br>(Docs. 34 & 36) |

## I.    INTRODUCTION

On November 9, 2022, David Greenberg and Adrian F. LaPeyronnie, III of the law firm of Greenberg & LaPeyronnie, LLC ("Attorneys Greenberg and LaPeyronnie"), attorneys for Defendants Sheldon Thompson, Marie-Merced Thompson, and Skye Thompson (collectively, "Defendants"), filed a motion to withdraw.  (Doc. 34.)  On November 14, 2022, Edward John Rantz, Jr. of the law firm of Middleberg Riddle Group ("Attorney Rantz"), attorney for Plaintiff Romy Thompson ("Plaintiff"), filed a motion to withdraw.  (Doc. 36.)

Upon consideration of the motions, and for the reasons set forth below, Attorneys Greenberg and LaPeyronnie's and Attorney Rantz's motions to withdraw are DENIED without prejudice.

## II.    BACKGROUND

On June 14, 2021, Plaintiff initiated this action in the United States District Court for the Eastern District of Louisiana.  (*See* Doc. 1.)  In the operative complaint, Plaintiff alleges that Defendants, her parents and brother, improperly withheld profits generated from a jointly owned

business. (*See id.*)

On July 27, 2022, the Eastern District of Louisiana granted Defendants' motion to transfer venue to this Court pursuant to 28 U.S.C. §1404(a), and this case was transferred to this Court on July 28, 2022. (*See* Docs. 28, 29.) Upon transfer of this action, the Court set a Mandatory Scheduling Conference for November 15, 2022, which was continued to February 16, 2023. (*See* Doc. 30, 32.)

In the motions to withdraw, which are substantively identical, Attorneys Greenberg and LaPeyronnie and Attorney Rantz seek withdrawal because "they are not licensed to practice law in any state or federal courts in the State of California." (Doc. 34 at 1; Doc. 36 at 1.) According to the motions, the clients of Attorneys Greenberg and LaPeyronnie and Attorney Rantz "have no objection to movers withdrawing as counsel of record" for them in this proceeding. (Doc. 34 at 1–2; Doc. 36 at 1.)

### III.    DISCUSSION

**A.    Legal Standard**

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d). The Rules of Professional Conduct govern the conduct of attorneys before this Court regardless of whether they are admitted to the California State Bar, as "the Rules of Professional Conduct of the State Bar of California are incorporated by reference into the local rules." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08–cv–02999–MCE–KJM, 2009 WL 3367489, at *1 (E.D. Cal. Oct. 14, 2009). *See also* La. St. Bar. Art. 14 RPC Rule 1.16(c) ("A lawyer must

comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.").

Rule of Professional Conduct 1.16(b)(9) provides that an attorney may request permission to withdraw where "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act." Rule 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1] In the Ninth Circuit, the Rules of Professional Conduct are interpreted according to California state law. *Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010) (citing *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)). The decision to grant or deny a motion to withdraw as attorney is committed to the sound discretion of the trial court. *Id.* (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)); *Estate of Falco*, 188 Cal. App. 3d 1004, 1014 (1987) ("[A] trial court should have broad discretion in allowing attorneys to withdraw").

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

**B.  Analysis**

The Court does not have sufficient information to determine whether the withdrawal of representation by Attorneys Greenberg and LaPeyronnie and Attorney Rantz is appropriate. As set forth above, Rule of Professional Conduct 1.16(d) and (e) require that a withdrawing lawyer take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other attorneys" and return any property and funds in their possession to their client. Other than indicating that their clients "have no objection to movers withdrawing as counsel of record" for them in this proceeding (Doc. 34 at 1–2; Doc. 36 at 1), Attorneys Greenberg and LaPeyronnie's and Attorney Rantz's motions to withdraw do not

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

address these requirements. Absent any description of Attorneys Greenberg and LaPeyronnie's and Attorney Rantz's efforts to comply with Rule of Professional Conduct 1.16(d) and (e), the Court cannot determine whether they have taken reasonable steps to avoid reasonably foreseeable prejudice to their clients' rights, including allowing sufficient time for them to retain other counsel who may practice in this Court.[2] The Court also cannot determine whether any of the clients' property remains in the possession of the attorneys.

### IV.     CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that Attorneys Greenberg and LaPeyronnie's motion to withdraw (Doc. 34) and Attorney Rantz's motion to withdraw (Doc. 36) are DENIED without prejudice. If any of these attorneys renew their motions to withdraw, the renewed motions must (without disclosing privileged communications) explain their efforts to comply with Rule of Professional Conduct 1.16(d) and (e). They shall also file proof of service of any motions to withdraw, as well as any of the Court's orders directed to it, on their respective clients, as previously ordered. (*See* Docs. 35, 37.)

To afford time for the renewal of any motion to withdraw (or the filing of an application to appear *pro hac vice*), the Mandatory Scheduling Conference currently set for February 16, 2023, is **CONTINUED to April 27, 2023, at 9:45 a.m.** before Magistrate Judge Sheila K. Oberto. The parties SHALL file their joint scheduling report by no later than April 20, 2023.

IT IS SO ORDERED.

Dated:   **December 20, 2022**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The Court observes that even an attorney who is not a member of the State Bar of California may be permitted to appear and participate in a particular case *pro hac vice*, subject to certain requirements. *See* E.D. Cal. L.R. 180(b)(2).